**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4534**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSIE WILLIAM NEWTON,

Defendant - Appellant.

---

**No. 03-4541**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KELLY GEORGE STANBACK,

Defendant - Appellant.

---

**No. 03-4542**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOWARD J. BEARD,

                                    Defendant - Appellant.

───────────────

**No. 03-4631**

───────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ARNOLD LLOYD JACKSON,

                                    Defendant - Appellant.

───────────────

**No. 03-4660**

───────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

CALVIN EUGENE BUCHANAN,

                                    Defendant - Appellant.

───────────────

Appeals from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (CR-02-20)

- 2 -

Submitted: July 8, 2005                    Decided: July 29, 2005

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated in part; and remanded by unpublished per curiam opinion.

Craig W. Sampson, SAMPSON LAW FIRM, PLC, Richmond, Virginia, Gregory W. Bowman, Winchester, Virginia, John S. Hart, HART & PARKER, PC, Harrisonburg, Virginia, B. Stephanie Commander, B. STEPHANIE COMMANDER, PLC, Charlottesville, Virginia, Billy Lee Ponds, THE PONDS LAW FIRM, Washington, D.C., for Appellants. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Roanoke, Virginia, Thomas E. Booth, Attorney, Department of Justice, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The Defendants were convicted of various drug and firearm offenses. They challenge their convictions for conspiracy to distribute crack cocaine based on sufficiency of the evidence and challenge their sentences, including challenges in light of United States v. Booker, 125 S. Ct. 738 (2005).

The Defendants participated in crack cocaine trafficking in Front Royal, Virginia. Defendants Kelly Stanback and Arnold Jackson were cousins and supplied crack to local dealers. Defendants Calvin Buchanan and Howard Beard worked together and also supplied local dealers in Front Royal, some of whom also sold drugs for Stanback and Jackson. Defendant Jessie Newton sold for Stanback and Jackson and also had interaction with a dealer for Buchanan and Beard. The Defendants argue that, at best, the Government's evidence showed three separate conspiracies and not the single overall conspiracy charged in the indictment.

I.

The Appellants argue that three separate conspiracies were proven and that the evidence of the separate conspiracies was represented to the jury as evidence of a single conspiracy. They argue that the Government's evidence does not demonstrate an overall agreement or joint business venture among the smaller conspiracies, interdependence, or overlap of key actors, methods, or goals.

- 4 -

The Government bears the burden of proving the single conspiracy as charged in the indictment. United States v. Hines, 717 F.2d 1481, 1489 (4th Cir. 1983). The existence of a conspiracy, "as well as an agreement to participate in the conspiracy, is a question of fact for the jury[,] and [this court] must affirm its finding . . . 'unless the evidence, taken in the light most favorable to the government, would not allow a reasonable jury so to find.'" United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994) (quoting United States v. Urbanik, 801 F.2d 692, 695 (4th Cir. 1986)); see Glasser v. United States, 315 U.S. 60, 80 (1942).

In United States v. Banks, 10 F.3d 1044 (4th Cir. 1993), several appellants challenged their conspiracy convictions, alleging the evidence demonstrated only isolated transactions, not an overarching conspiracy. In concluding the evidence was sufficient to support the convictions, the court explained:

> [I]t is not necessary to proof of a conspiracy that it have a discrete, identifiable organizational structure; the requisite agreement to act in concert need not result in any such formal structure, indeed frequently, in contemporary drug conspiracies, [it] contemplates and results in only a loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market. . . . Furthermore, the fact that parallel suppliers, or

> middlemen, or street dealers serving such a market may sometimes, or even always, compete for supplies or customers in serving that market does not on that account alone disprove either the existence of a single conspiracy to achieve the overall results of their several efforts, or the participation of particular ones of them in that conspiracy.

Id. at 1054; see also United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

Appellants argue that there is no evidence that Stanback and Jackson directly knew Beard and Buchanan. However, each co-conspirator need not know each other in order for all of them to be engaged in a single conspiracy. See United States v. Crockett, 813 F.2d 1310, 1317 (4th Cir. 1987); see also United States v. Gray, 47 F.3d 1359, 1368 (4th Cir. 1995). Rather, the touchstone analysis is whether there is an "overlap of key actors, methods, and goals." United States v. Strickland, 245 F.3d 368, 385 (4th Cir. 2001) (internal quotation marks and citation omitted). Several co-conspirators tied the five men together in their venture to distribute narcotics. Tresvant, Fitzhugh, Lopez, Newton, and Thompson all bought their drugs from the Stanback/Jackson team and the Beard/Buchanan team.[1]

---

[1]The Appellants' brief makes many references to the unreliability of the evidence because it was either not corroborated or testimony from a drug dealer or user. However, the uncorroborated testimony of one witness or an accomplice may

(continued...)

The Appellants also argue that the Government did not prove an overarching goal among the Appellants. However, "members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market" is sufficient to show a common goal. Banks, 10 F.3d at 1054. Viewing the evidence in the light most favorable to the Government, each Appellant acted as part of the same conspiracy with its goal being the distribution of narcotics to users in the Front Royal area. The four main suppliers were Stanback, Jackson, Beard, and Buchanan. These four men shared dealers, including Newton, whom they sold to in order to serve the demand for drugs in Front Royal.

However, even assuming, without deciding, that there was a variance, the Appellants are not entitled to relief from their convictions. Under United States v. Howard, 115 F.3d 1151, 1157 (4th Cir. 1997), a variance demonstrating multiple conspiracies does not constitute reversible error unless the defendant demonstrates that he has been prejudiced by the variance between the single conspiracy charged in the indictment and the multiple conspiracies proven at trial. See also United States v. Miller, 471 U.S. 130, 136 (1985); United States v. Bollin, 264 F.3d 391, 406 (4th Cir. 2001). When the indictment alleges a single drug

---

[1](...continued)
be sufficient to sustain a conviction. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).

conspiracy but the proof demonstrates multiple conspiracies, prejudice only occurs if: (1) the defendant is surprised by the evidence and was unable to present a defense or (2) the number of conspirators and conspiracies was so large that there was a substantial likelihood that the jury transferred proof against one conspirator and conspiracy to another charged conspirator in an unrelated conspiracy. See Bollin, 264 F.3d at 406, United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994).

The likelihood of spillover evidence is minimized when the evidence against each defendant is established by direct evidence, such as controlled buys from the defendant, see United States v. Ford, 88 F.3d 1350, 1360 (4th Cir. 1996); when the district court instructs the jury to consider each defendant's guilt independently or cautions against transferring evidence to other defendants, see Bollin, 264 F.3d at 406; or when the number of defendants and conspiracies is relatively small. See, e.g., Berger v. United States, 295 U.S. 78, 83 (1935)(two conspiracies); Bollin, 264 U.S. at 406 (four defendants and three conspiracies); United States v. Alred, 144 F.3d 1405 (11th Cir. 1998) (five defendants); Kennedy, 32 F.3d at 883 (eight defendants and three conspiracies).

Here, there was direct testimony regarding the dealings of each Appellant. Further, Stanback, Buchanan, and Beard were taped during controlled buys. The Appellants were not surprised by

the evidence and do not claim that they may face a second prosecution for the same offense. Finally, the district court clearly cautioned the jury against transferring evidence from one defendant or offense to another defendant or offense. We therefore conclude that there is no reversible infirmity in the convictions for the single conspiracy charged.

## II.

Newton and Jackson also challenge the sufficiency of the evidence that each engaged in any conspiracy to distribute crack cocaine. A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

In evaluating the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable

interpretations, the jury will decide which interpretation to believe. Id.

In order to establish that a defendant participated in a drug conspiracy, the Government must prove: (1) an agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators. United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001). Construing the evidence in the light most favorable to the Government, we conclude that the evidence was sufficient to support Newton and Jackson's convictions.

## III.

The Appellants claim that the sentencing enhancements they received violated the decision announced by the Supreme Court in Booker. Because Newton, Beard, and Buchanan did not raise this issue at sentencing, their sentences are reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)). Stanback and Jackson challenged their enhancements at their sentencing hearings, which were held prior to the decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), based upon Apprendi v. New Jersey, 530 U.S. 466 (2000) and therefore their sentences are reviewed for harmless error. The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such

error "did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

The Supreme Court held in Booker, 125 S. Ct. at 746, 750, that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 756-57).

Newton challenges the drug quantity and career offender status attributed to him on Sixth Amendment grounds and argues that the district court erred in denying his motion for a downward departure for overstating the seriousness of his criminal history. The district court found that the career offender enhancement, U.S. Sentencing Guidelines Manual § 4B1.1(b)(A) (2002), applied to Newton. The district court did not specifically rule on the objection as to drug quantity because the career offender status determined the applicable criminal history and offense level. In order for Newton to be designated a career offender, the Government

- 11 -

had to establish (1) that Newton was at least 18 at the time of the instant offense, (2) that the instant offense is a felony that is either a "crime of violence" or a "controlled substance offense," and (3) that Newton had at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." USSG § 4B1.1(a) (2002); United States v. Harp, 406 F.3d 242, 245 (4th Cir. 2005).

Newton argues that the finding that he is a career offender constituted impermissible judicial fact-finding, but Booker specifically excepted prior convictions from its requirement that facts be admitted or proven to a jury beyond a reasonable doubt. Booker, 125 S. Ct. at 756. Newton's prior convictions qualified as crimes of violence as a matter of law; no further judicial fact-finding was required to reach this conclusion. See United States v. Ward, 171 F.3d 188, 192 (4th Cir. 1999) (court's inquiry into career offender status generally limited to "the fact of conviction and the statutory elements of the prior offense"). Thus, the district court did not err in its ruling that Newton qualified for the career offender sentence enhancement.

In Harp, this court, applying the plain error standard, found that even if the district court committed plain error when it determined that the defendant was a career offender without the elements of that designation having been charged in an indictment, this court would not exercise its discretion to correct that error.

<u>Harp</u>, 406 F.3d at 247. In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), the Supreme Court held that "the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." Although the opinion in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of <u>Almendarez-Torres</u>, this court has subsequently clarified that <u>Almendarez-Torres</u> was not overruled by <u>Apprendi</u>, and remains the law. <u>See</u> <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002); <u>see generally</u> <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005) (discussing documents that a sentencing court may consider in determining whether a prior conviction is considered a violent felony). We therefore conclude that the district court did not err in designating Newton as a career offender and Newton's sentence did not violate the Sixth Amendment.

Newton argued at sentencing and on appeal that the career offender status and his criminal history score overstated the seriousness of his criminal record and therefore warranted a downward departure. The Sentencing Guidelines Commission has acknowledged that there may be cases where "a defendant's criminal history category significantly over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." USSG § 4A1.3 (2002).

Although Newton's felony convictions were committed when he was sixteen and seventeen years of age, his criminal history demonstrates a continued pattern of illegal activity, with a conviction nearly every year from age sixteen to twenty-five, with the exception of the years that he was incarcerated. If a downward departure was given on this basis, it would effectively nullify the career offender enhancement by awarding a downward departure on the grounds that the seriousness of Newton's criminal history was overstated. In <u>United States v. Weddle</u>, 30 F.3d 532, 536 (4th Cir. 1994), the court disapproved of "the notion that criminal history points accrued under [Chapter Four of the Sentencing Guidelines] may be offset by way of a downward departure under U.S.S.G. § 4A1.3." On the facts of Newton's case, we conclude that no departure was justified on the grounds that Newton's criminal history was overstated.

The remaining Appellants also contend that their Sixth Amendment right to a jury trial was violated because they were sentenced on facts found by the court and not by the jury. The Government agrees that the cases should be remanded for resentencing in light of <u>Booker</u>. Because Stanback, Beard, Jackson, and Buchanan received higher sentences than would have been permissible based only on the jury's findings, we vacate and remand their sentences for resentencing under an advisory guidelines

system.[2]  See Hughes, 401 F.3d at 547-49, 555-56 (finding that Hughes had satisfied all three prongs of the plain error test set forth in United States v. Olano, 507 U.S. 725, 732 (1993), when he was sentenced to a sentence substantially longer than the sentence permitted based purely on the facts found by a jury, and that the court should exercise its discretion to recognize the error).

Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. Sentencing courts should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider the Guideline range, along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guideline range, the court should explain its reasons for departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2004). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

---

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Appellants' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

We therefore affirm all the Appellants' convictions and affirm Newton's sentence and vacate Stanback, Beard, Jackson, and Buchanan's sentences and remand for further proceedings consistent with <u>Booker</u> and <u>Hughes</u>. We grant Buchanan's motion to file a pro se supplemental brief and Jackson's motion to file a supplemental brief. We deny the Government's motion to place the cases in abeyance pending the Court's disposition of the petition for rehearing filed in <u>Hughes</u> as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED IN PART;
AND REMANDED</u>