**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4314

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KELLY GEORGE STANBACK,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Samuel G. Wilson, District Judge.  (5:02-cr-30020-SGW)

Submitted:  October 31, 2006          Decided:  November 9, 2006

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John S. Hart, Jr., HART LAW OFFICES, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kelly George Stanback was sentenced to four hundred and twenty months of imprisonment for one count of conspiracy to distribute and possess with intent to distribute over fifty grams of crack cocaine, one count of possession of a firearm in furtherance of a drug trafficking crime, and three counts of distribution of five grams or more of cocaine base. We affirmed his conviction, vacated the sentence, and remanded for further proceedings consistent with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). See United States v. Stanback, No. 03-4541 (4th Cir. July 29, 2005) (unpublished). On remand, the district court resentenced Stanback to four hundred and twenty months of imprisonment. Stanback again appeals, arguing that his sentence is unreasonable. We affirm.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at 546. In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

- 2 -

Here, the district court appropriately treated the guidelines as advisory and properly calculated and considered the guideline range as well as the relevant factors under § 3553(a). Stanback's sentence is below the statutory maximum of life imprisonment. Stanback contends that his sentence is unreasonably long because it is essentially a life sentence considering that his age at sentencing was thirty-eight and also considering that he had a minimal criminal history score. However, his claims are not adequate to rebut the presumption that the sentence, which was within the guideline range, is reasonable. See Green, 436 F.3d at 456-57. We conclude that the sentence imposed by the district court is reasonable.

Accordingly, we affirm Stanback's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED